IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SKY-MED, INC., a Hawaii corporation, dba PACIFIC SKYDIVING HAWAII,<br><br>      Plaintiff,<br><br>  vs.<br><br>SKYDIVING SCHOOL, INC., a Hawaii corporation, dba SKYDIVE HAWAII,<br><br>      Defendant.<hr>SKYDIVING SCHOOL, INC., dba SKYDIVE HAWAII,<br><br>      Counterclaimant,<br><br>  v.<br><br>SKY-MED, INC., a Hawaii corporation, dba PACIFIC SKYDIVING HAWAII,<br><br>      Counterclaim Defendant. | CIVIL NO. 13-00193 DKW/BMK<br><br>**ORDER DENYING MOTION TO STRIKE OR DISMISS COUNTERCLAIMS** |

SKYDIVING SCHOOL, INC., dba
SKYDIVE HAWAII,

            Third-Party Plaintiff,

     v.

GUY BANAL, GEMMALYN
O'CONNOR, C. PHILLIP HOLSTEIN
JR., NEW NECTAR MEDIA, LLC,
PHILIPPE TASSIN, JOHN DOES 1-5,
and DOE PARTNERSHIPS 1-5,

            Third-Party Defendants.

## ORDER DENYING MOTION TO STRIKE OR DISMISS COUNTERCLAIMS

## INTRODUCTION

Before the Court is Plaintiff Sky-Med, Inc., doing business as Pacific Skydiving Hawaii ("Plaintiff" or "Sky-Med"), and Third-Party Defendant Guy Banal's Motion to Strike or Dismiss Counterclaims Asserted by Skydiving School, Inc., filed on November 12, 2013 ("Motion").   Third-Party Defendants Gemmalyn O'Connor, C. Phillip Holstein, Jr., New Nectar Media, LLC and Philippe Tassin ("Third-Party Defendants") filed a Joinder to the Motion.   Defendant Skydiving School, Inc., doing business as Skydive Hawaii ("Defendant" or "Skydiving

School"), opposed the Motion. Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After careful consideration of the supporting and opposing memoranda, and the relevant legal authority, the Motion is hereby DENIED.

## BACKGROUND

Sky-Med filed its original complaint for declaratory relief on April 24, 2013. On May 15, 2013, Skydiving School filed counter- and third-party claims and a motion for a temporary restraining order, asking the Court to enjoin Sky-Med and Third-Party Defendants from making any use of the mark SKYDIVE HAWAII, the name Pacific Skydiving Hawaii, and the domain name "pacificskydivinghawaii.com." On July 2, 2013, the Court entered an Order denying Defendant Skydiving School's application for a temporary restraining order ("7/2/13 Order").

On October 4, 2013, Sky-Med filed an Amended Complaint against Skydiving School.[1] On October 21, 2013, Skydiving School filed its Answer to the Amended Complaint and asserted what it styled as Counterclaims against Sky-Med and Third-Party Defendants Banal, O'Connor, Holstein, Tassin, and New Nectar

---

[1] On November 15, 2013, Sky-Med filed another Motion for Leave to File an Amended Complaint, seeking to add a claim for violations of federal and state anti-trust laws against Skydiving School. Dkt. No. 74.

Media, LLC.   Dkt. No. 66.   On November 12, 2013, Sky-Med and Banal filed the instant Motion.   They ask the Court to strike the Counterclaims against the Third-Party Defendants pursuant to Federal Rule of Civil Procedure 12(f), or alternatively, to dismiss the Counterclaims pursuant to Rule 12(b)(6).

## **DISCUSSION**

Rule 12(f) provides that the "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."   Fed. R. Civ. P. 12(f).   The function of a Rule 12(f) motion is to avoid the waste of time and money spent on litigating spurious issues by dispensing with those issues before trial.   *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).   Grounds for a motion to strike must be readily apparent from the face of the pleadings or from materials that may be judicially noticed.   *Wailua Assocs. v. Aetna Cas. & Sur. Co.*, 183 F.R.D. 550, 554 (D. Haw. 1998).   A matter will not be stricken from a pleading unless it is clear that it can have no possible bearing on the subject matter of the litigation.   *Id.*   Courts will generally grant a motion to strike only when the moving party has proved that the matter to be stricken could have no possible bearing on the subject matter of the litigation.   *See Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002).

4

Motions to strike are disfavored in the absence of prejudice.   "A motion to strike is a severe measure and it is generally viewed with disfavor [and is] not normally granted unless prejudice would result to the movant from the denial of the motion."   *United States v. 729,773 Acres of Land*, 531 F. Supp. 967, 971 (D. Haw. 1982).   In deciding a motion to strike, the Court "views the challenged pleadings in the light most favorable to the [non-moving party]."   *Wailua Assocs.*, 183 F.R.D. at 554 (citing *Hoeft v. Tucson Unified School Dist.*, 967 F.2d 1298, 1301 (9th Cir. 1992)).

Here, Skydiving School asserted "counterclaims" against Plaintiff Sky-Med, as well as against Banal, O'Connor, Holstein, Tassin, and New Nectar Media, LLC, each of whom had previously been joined in this litigation pursuant to a Third-Party Complaint.   *See* Dkt. No. 10 (5/15/13 Third-Party Complaint[2]).

---

[2] Skydiving School originally asserted its claims against these parties as third-party claims, and none of the parties objected.   Rule 14(a)(1) authorizes a defendant to bring third-party claims against nonparties who are or may be liable to the defendant for all or part of the plaintiff's claims against the defendant.   The Ninth Circuit has interpreted this rule as allowing "a third-party claim . . . only when the third party's liability is in some way dependent on the outcome of the main claim and is secondary or derivative thereto."   *Stewart v. Am. Int'l Oil & Gas Co.*, 845 F.2d 196, 199 (9th Cir. 1988).

As discussed herein, however, the claims here could have been brought as counterclaims pursuant to Rule 13(h).   Whether these claims were originally allowed to proceed as third-party claims or counterclaims is of little moment because the Court declines to strike them at this time. *See, e.g., Nat'l Fire Ins. Co. of Hartford v. Nat'l Cable Television Cooperative, Inc.*, 2011 WL 1430331, at *2 (D. Kan. Apr. 14, 2011) ("Although [defendant] did not originally file its claims against [third-party defendant] as permissive counterclaims, it is in the interest of judicial economy to now treat them as such."); *Legion Ins. Co. v. Family Serv ., Inc.*, 561 F. Supp. 2d 232,

Sky-Med now argues that a "counterclaim" may only be stated against an "opposing party," and that Banal, O'Connor, Holstein, Tassin, and New Nectar Media, LLC are not "opposing parties."

Federal Rule of Civil Procedure 13 governs counterclaims and states, in pertinent part:

(a) Compulsory Counterclaim.

  (1)  In General. A pleading must state as a counterclaim any claim that--at the time of its service--the pleader has against an opposing party if the claim:

    (A)  arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and
    (B)  does not require adding another party over whom the court cannot acquire jurisdiction.

  (2)  Exceptions. The pleader need not state the claim if:

    (A)  when the action was commenced, the claim was the subject of another pending action; or
    (B)  the opposing party sued on its claim by attachment or other process that did not establish personal jurisdiction over the

---

236 (D.R.I. 2008) ("[M]islabeling of [a] claim . . . is not, by itself, a basis for dismissal."); *Pa. Mfrs. Ass'n Ins. Co. v. Fed. Realty Inv. Trust*, 2000 WL 964771, at *2 (D. Md. June 6, 2000) (declining to strike third-party complaint, instead construing third-party complaint as the permissive joinder of insurer as a defendant to the counterclaim against plaintiff pursuant to Rule 13(h)); *see also KTS Props., LLC v. Skaaning*, 2010 WL 2900590, at *4 (D. Haw. July 23, 2010) ("The nomenclature of the claims must be subordinated to the substance.").

> pleader on that claim, and the pleader does not assert any counterclaim under this rule.
>
> (b)     Permissive Counterclaim.   A pleading may state as a counterclaim against an opposing party any claim that is not compulsory.
>
> (c)     Relief Sought in a Counterclaim.   A counterclaim need not diminish or defeat the recovery sought by the opposing party.   It may request relief that exceeds in amount or differs in kind from the relief sought by the opposing party.
> . . . .
>
> (h)     Joining Additional Parties.   Rules 19 and 20 govern the addition of a person as a party to a counterclaim or crossclaim.

Fed.R.Civ.P. 13.

Skydiving School contends that it properly asserted counterclaims against Banal, O'Connor, Holstein, Tassin, and New Nectar Media, LLC pursuant to Rule 13(h) and Rule 20.   Rule 20(a)(2) of the Federal Rules of Civil Procedure allows the joining of persons -

> in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

The Ninth Circuit has noted that "the primary purpose [of Rule 20(a)'s permissive joinder] is to promote trial convenience and to prevent multiple lawsuits."   *League*

7

*to Save Lake Tahoe v. Tahoe Reg'l Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977).

The Counterclaims here seek relief against Banal, O'Connor, Holstein, Tassin, and New Nectar Media, LLC that easily satisfies Rule 20(a)(2).   The claims arise out of the same transactions or occurrences as the counterclaims against Sky-Med.   *See* Counterclaims ¶¶ 50-110, 132-146.   The Court further finds that the relief sought in the Counterclaim involves "question[s] of law or fact common to all defendants."   Accordingly, movants fail to meet their burden under Rule 12(f) or Rule 12(b)(6) and the Motion is DENIED.

## CONCLUSION

On the basis of the foregoing, the Motion to Strike or Dismiss Counterclaims Asserted by Skydiving School, Inc., filed on November 12, 2013 by Plaintiff Sky-Med and Third-Party Defendant Banal, is DENIED.

IT IS SO ORDERED.

DATED: January 16, 2014 at HONOLULU, HAWAI'I.



Derrick K. Watson
United States District Judge

Sky-Med, Inc. v. Skydiving School, Inc. et. al; CV 13-00193 DKW/BMK; ORDER DENYING MOTION TO STRIKE OR DISMISS COUNTERCLAIMS